**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ROBERT LEDOGAR,
      Appellant,

    v.

DEPARTMENT OF JUSTICE,
      Agency.

DOCKET NUMBER
NY-0752-20-0161-B-1

DATE: July 7, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Howard B. Zakai, Esquire, and Raymond R. Granger, Esquire,
   New York, New York, for the appellant.

Cedric Bullock, Esquire, and Margo Chan, Esquire, Washington, D.C.,
   for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the remand initial decision, which denied his claim of equal employment opportunity (EEO) retaliation and affirmed his removal. On petition for review, the appellant argues, among other things, that his removal was the result of a coordinated effort of retaliation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

because he supported his subordinate's claims of discrimination and harassment. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to apply the correct legal standard to the Board's analysis of the agency's penalty determination, we AFFIRM the initial decision.

Effective April 20, 2020, the agency removed the appellant from his position as a Supervisory Deputy U.S. Marshal (SDUSM) based on six sustained charges of misconduct, specifically, conduct unbecoming a SDUSM, lack of candor, misuse of position, failure to follow instructions, failure to follow United States Marshal Service (USMS) policy, and misuse of Government property-IT Device. *Ledogar v. Department of Justice*, MSPB Docket No. NY-0752-20-0161-I-1, Initial Appeal File (IAF), Tab 6 at 7-18. The appellant filed a Board appeal challenging his removal, and after holding a hearing, the administrative judge issued an initial decision sustaining all of the charges except the sixth charge, failure to follow USMS policy, and affirming the appellant's removal. *Ledogar v. Department of Justice*, MSPB Docket No. NY-0752-20-0161-I-3, Appeal File, Tab 25, Initial Decision (ID) at 10-39, 51. The appellant filed a petition for review of the initial decision, and the Board issued a remand order finding an

abuse of discretion and ordering the administrative judge to reopen discovery for limited depositions and to hold a supplemental hearing. *Ledogar v. Department of Justice*, MSPB Docket No. NY-0752-20-0161-I-3, Remand Order at 8-12 (Apr. 12, 2024). After complying with the Board's remand order, the administrative judge issued a remand initial decision again sustaining all of the charges except the sixth charge, failure to follow USMS policy. *Ledogar v. Department of Justice*, MSPB Docket No. NY-0752-20-0161-B-1, Remand File, Tab 27, Remand Initial Decision (RID) at 12-41. After finding nexus and concluding that the agency considered all relevant *Douglas* factors and that removal did not exceed the bounds of reasonableness, the administrative judge affirmed the removal action. RID at 41-43, 57-61.

On review, the appellant requests to "incorporate" his arguments raised in his original petition for review regarding the penalty determination. Remand Petition for Review (RPFR) File, Tab 2 at 35 n.18.[2] A petition does not meet the criteria for review when it does not raise specific objections or arguments of error or otherwise explain how or why the administrative judge erred. *See* 5 C.F.R. § 1201.115 (setting forth the criteria for granting a petition for review). Here, the appellant's bare request to incorporate previously made arguments related to the agency's penalty determination does not meet the criteria for review. *See Mulroy v. Office of Personnel Management*, 92 M.S.P.R. 404, ¶ 15 (2002) (finding that incorporating arguments made in a submission before the administrative judge fails to meet the Board's criteria for review), *overruled on other grounds by Clark v. Office of Personnel Management*, 120 M.S.P.R. 440, ¶ 12 (2013); *see also Jackson v. Department of the Army*, 99 M.S.P.R. 604, ¶ 9 (2005) (finding that the appellants' petition failed to meet the criteria for review when it only referenced closing arguments submitted to the administrative judge).

---

[2] The appellant also requests to incorporate his arguments challenging the merits of charges 1, 2, and 7 raised in his original petition for review. RPFR File, Tab 2 at 23 n.15. As explained above, such a pro forma request does not meet the criteria for review and thus we do not consider the appellant's arguments.

Nevertheless, in reviewing the penalty determination, the administrative judge used the incorrect legal standard. RID at 57. Specifically, she repeated the standard applied when all of the agency's charges have been sustained, i.e., that the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within the tolerable limits of reasonableness. *Id.*; *see Thomas v. Department of the Army*, 2022 MSPB 35, ¶ 19. Here, however, all of the agency's charges were not sustained; specifically, the administrative judge did not sustain the sixth charge, failure to follow USMS policy. RID at 35-39. Accordingly, the correct legal standard to apply is the one applicable when not all of the charges are sustained, i.e., that the Board will carefully consider whether the sustained charges merit the penalty imposed by the agency, and the Board may mitigate the agency penalty to the maximum reasonable penalty so long as the agency has not indicated in either its final decision or in proceedings before the Board that it desires a lesser penalty be imposed on fewer charges. *Downey v. Department of Veterans Affairs*, 119 M.S.P.R. 302, ¶ 8 (2013).

Therefore, we modify the remand initial decision to correct the legal standard applied to the agency's penalty determination. Nevertheless, we agree with the administrative judge's finding that removal is warranted. RID at 61. The sustained misconduct is serious, especially in light of the appellant's position as a supervisory law enforcement officer, and his misconduct impacts his ability to perform his duties, including testifying under oath. IAF, Tab 6 at 8-18. Furthermore, the appellant has a significant disciplinary history, including a demotion and a 60-day suspension, as well as a 79-day suspension. IAF, Tab 13 at 686-89, 694-97. Therefore, despite several mitigating factors, to include 25 years of service, outstanding performance ratings, and over 100 letters of support, we agree with the administrative judge that removal is warranted. RID at 61; IAF, Tab 7 at 42-232, Tab 13 at 698-99. Accordingly, we discern no basis to reverse the remand initial decision. *See Panter v. Department of the Air Force*,

22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).[3]

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[3] We have considered the appellant's arguments challenging the administrative judge's denial of his EEO retaliation claim, RPFR File, Tab 2 at 23-35, but discern no basis to disturb the administrative judge's thorough analysis, RID at 43-57. However, the administrative judge erred in finding that, even if the appellant met the motivating factor standard, the agency proved that it would have removed him absent the unlawful motivation. RID at 54, 56-57. In a claim of Title VII discrimination or retaliation, the burden of proof remains with the appellant to prove but-for causation. *See Wilson v. Small Business Administration*, 2024 MSPB 3, ¶ 17 (clarifying that the appellant bears the ultimate burden of proving that discriminatory animus was a but-for cause of the personnel action). Nevertheless, because we agree with the administrative judge that the appellant did not prove his claim of EEO retaliation, such error is harmless and does not serve as a basis to reverse the remand initial decision. *Panter*, 22 M.S.P.R. at 282.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.